Christopher E. Roberts (SBN 363586)
BUTSCH ROBERTS & ASSOCIATES LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700
Email: CRoberts@butschroberts.com

Attorney for Plaintiff Kimberly Hudson and the Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY HUDSON, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>QUINSTREET, INC. d/b/a MODERNIZE HOME SERVICES,<br>Defendant. | Case No. 2:26-cv-13447<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

# CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kimberly Hudson, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant QuinStreet, Inc. d/b/a Modernize Home Services, states:

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kimberly Hudson ("Ms. Hudson" or "Plaintiff") brings this case to protect the privacy rights of herself and a class of similarly situated people to whom Defendant QuinStreet, Inc. d/b/a Modernize Home Services ("QuinStreet" or "Defendant") placed, or directed or caused others to place on its behalf, telemarketing communications to their phones despite their phone numbers being registered on the National Do-Not-Call Registry ("DNC List"), and to whom Defendant placed calls using a prerecorded voice without their consent. Plaintiff brings claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and (c), and its implementing regulations.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. As part of the TCPA, Congress directed the Federal Communications Commission ("FCC") to establish a national database of telephone subscribers who object to receiving telephone solicitations. *See* 47 U.S.C. § 227(c)(3). The National Do-Not-Call Registry has been in operation since 2003, and the TCPA's implementing regulations prohibit the initiation of more than one telephone solicitation within a 12-month period to a residential telephone subscriber whose number has been registered on the DNC List. *See* 47 C.F.R. § 64.1200(c)(2).

4. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Ms. Hudson, frequently face. For example, in 2026 alone, approximately 40.6 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited Nov. 11, 2026).

5. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, The FCC Has Fined Robocallers $208 Million. It's Collected $6,790, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6. Ms. Hudson resides in and is a citizen of the State of California.

7. Ms. Hudson brings this action on behalf of herself, and all others similarly situated.

8. Ms. Hudson is the owner of a cellular phone. The phone number associated with her phone is 323-XXX-1729.

9. Ms. Hudson uses her phone for residential purposes, namely, to communicate with family members and friends. Ms. Hudson's phone is not associated with a business.

10. Ms. Hudson's phone account is not held in the name of a business.

11. Ms. Hudson is a person within the meaning of the TCPA and a residential telephone subscriber within the meaning of the TCPA's implementing regulations. *See* 47 U.S.C. § 153(39); 47 C.F.R. § 64.1200(c)(2), (e).

12. To obtain solitude from unwanted telemarketing calls, Ms. Hudson registered her phone number, 323-XXX-1729, on the DNC List on September 1,

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

2003, which was more than thirty days before each of the calls at issue in this Complaint.

13. Defendant QuinStreet, Inc. is a Delaware corporation that does business under the names "Modernize" and "Modernize Home Services," with its principal place of business in Foster City, California.

14. Defendant operates a home-improvement lead-generation business under the "Modernize Home Services" name, and markets home-improvement goods and services to consumers in California and throughout the United States and transacts business in California and throughout the United States.

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

16. This Court also has subject matter jurisdiction over this dispute under the Class Action Fairness Act, as the parties are minimally diverse, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

17. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in California, Defendant directed the telephone solicitations at issue to Plaintiff in California, including from phone numbers bearing California area codes, and Defendant transacts business in the State of California.

18. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**Defendant's Aggressive Telemarketing**

19. Defendant engages in extensive and harassing telemarketing to market its Modernize Home Services lead-generation services.

20. Defendant does not perform home-improvement work. Defendant sells leads. QuinStreet's website, modernize.com, states that "the Website acts solely as a paid marketing lead generator" and that "QuinStreet may receive a marketing lead generation fee from the Service Providers." On information and belief, home-

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

improvement contractors pay Defendant when Defendant connects them with consumers.

21. Telemarketing calls are central to that business. In its Form 10-K for fiscal year 2026, QuinStreet told its investors that "a significant amount of revenue comes from calls made by our internal and third-party call centers . . . ."

22. On information and belief, Defendant's telemarketing campaign places calls from rotating outbound telephone numbers, including numbers bearing area codes local to the person called, to evade call-blocking technology and to increase the likelihood that the calls are answered.

23. Other consumers have complained about the same solicitation practices. The Better Business Bureau reports more than 200 complaints against QuinStreet, and multiple consumers have independently reported receiving unwanted calls from Modernize.

24. One consumer complained, "I am already on the National Do not Call Registry, yet the calls continue and I want it stopped immediately."

25. Another consumer complained, "I have received at least 10 phone calls per day from Modernize without consent. . . . The volume of calls is incessant, I am on the national do not call list and this has been harassing."

26. Another consumer complained, "I'm getting incessant calls to my mobile number and want these spam calls to stop."

27. Another consumer complained, "I did not contact this company and they are calling me repeatedly."

28. Another consumer complained, "Constant unsolicited calls all hours of the day from different phone numbers, all from Modernize."

29. Another consumer complained, "Hi, I have tried to put myself on the DO NOT CONTACT list with QuinStreet but I'm still receiving calls on an hourly basis, despite the numerous attempts to contact and process the request."

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

30. Ms. Hudson never provided prior express invitation or permission, or any other form of consent, for Defendant, or anyone acting on Defendant's behalf, to contact her on her phone, and Ms. Hudson had no established business relationship with Defendant. Ms. Hudson never submitted her phone number through modernize.com or any other website operated by Defendant or in any other capacity.

31. On October 8, 2025, at approximately 8:08 a.m., Defendant, or someone acting on its behalf, called Ms. Hudson's phone from phone number 323-604-9208. Ms. Hudson's caller ID displayed the name "Modernize."

32. On October 8, 2025, at approximately 10:06 a.m., Defendant, or someone acting on its behalf, called Ms. Hudson's phone from phone number 833-200-9584. Ms. Hudson's caller ID displayed the name "Modernize."

33. On October 8, 2025, at approximately 11:09 a.m., Defendant, or someone acting on its behalf, called Ms. Hudson's phone from phone number 909-219-9282. Ms. Hudson's caller ID displayed the name "Modernize."

34. On October 8, 2025, at approximately 12:08 p.m., Defendant, or someone acting on its behalf, called Ms. Hudson's phone from phone number 626-650-9717. Ms. Hudson's caller ID displayed the name "Modernize." Ms. Hudson answered the call. The call began with a prerecorded message that stated, "Thank you for partnering with Modernize."

35. The statement "Thank you for partnering with Modernize" was a prerecorded message, not a live person speaking to Ms. Hudson in real time.

36. The message was generic. It did not address Ms. Hudson by name. The message began playing when Ms. Hudson answered the call. After the message ended, there was a pause before a live person came on the line.

37. The voice that delivered the prerecorded message was different from the voice of the live person who then came on the line.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

38. Ms. Hudson never provided Defendant with prior express written consent to receive calls using an artificial or prerecorded voice or to be contacted at all.

39. On information and belief, Defendant, or someone acting on its behalf, plays the same or a substantially similar prerecorded message on its telemarketing calls to other people.

40. On October 8, 2025, to determine who was calling her, Ms. Hudson called the phone numbers that had called her. Ms. Hudson's calls to 909-219-9282 and 626-650-9717 were each answered by a recording that stated:

> Thank you for calling Modernize Home Services. The number you're calling from is not recognized in our system. Please enter the 10-digit number you submitted as your primary contact.

41. On November 7, 2025, at approximately 8:24 a.m., Defendant, or someone acting on its behalf, called Ms. Hudson's phone from phone number 888-364-4165. Ms. Hudson's caller ID displayed the name "Modernize."

42. In total, Defendant, or someone acting on its behalf, placed at least five telemarketing calls to Ms. Hudson between October 8, 2025 and November 7, 2025.

43. Ms. Hudson accordingly received more than one telephone solicitation made by or on behalf of the same entity within a 12-month period.

44. On information and belief, each of the calls placed to Ms. Hudson and the putative class members was placed for the purpose of encouraging the purchase of home-improvement goods and services through Defendant's lead-generation service.

45. Defendant, or those acting on its behalf, may have placed additional calls to Ms. Hudson not identified in this Complaint.

46. Defendant's conduct violated the privacy rights of Plaintiff and the putative class members, as they were subjected to annoying and harassing calls. The

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

calls intruded upon the rights of Plaintiff and the putative class members to be free from invasion of their interest in seclusion.

47. Defendant's conduct caused Plaintiff and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

48. On information and belief, Defendant placed, or directed others to place on its behalf, calls to Plaintiff and the putative class members for the purpose of selling its products and services.

**Direct and Vicarious Liability**

49. Without the benefit of discovery, and because the calls at issue identified Defendant's "Modernize" brand, Ms. Hudson assumes Defendant directly placed the telemarketing communications at issue.

50. However, if some or all of the telemarketing communications were made by a third party or third parties on behalf of Defendant, in the alternative, Defendant is vicariously liable for those communications.

51. On May 9, 2013, the FCC determined that telemarketers like Defendant could not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re: Dish Network, LLC,* 28 F.C.C. Rcd. 6574 at 6588 (May 9, 2013) (internal citations omitted).

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

52. Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id.* at 6587 n. 107.

53. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593.

54. If Defendant directly placed the telemarketing communications at issue to Ms. Hudson and the putative class members, Defendant is directly liable for those communications.

55. However, Defendant may have hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by third-party telemarketers. Defendant has told its investors that it generates revenue from calls made by its "internal and third-party call centers."

56. If Defendant did not directly place the telemarketing communications to Ms. Hudson and the putative class members, Defendant's third-party telemarketers had actual and/or apparent authority to act on behalf of Defendant.

57. Likewise, Defendant also ratified its agents' violations of the TCPA by accepting the benefits of unlawful telemarketing communications, including leads and lead-generation fees.

58. Defendant controlled or had the right to control the marketing activities of those acting on its behalf.

59. Defendant acted as principal to telemarketing agent(s) who were acting on its behalf.

60. Defendant is not permitted under the law to outsource and contract its way out of liability by directing and benefitting from agents' TCPA violations.

61. For the counts identified below, if Defendant directly placed the violative communications at issue to Ms. Hudson and the putative class members, it is directly liable. Alternatively, to the extent any such communications were placed by a third-party agent(s) acting on Defendant's behalf, Defendant is vicariously liable for those unlawful communications.

## Class Allegations

62. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of herself, and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

63. Plaintiff seeks to represent the following classes:

> **National DNC Class**: All persons in the United States: (1) to whom, from four years prior to the filing of this lawsuit through the date of class certification, two or more telemarketing calls were placed by or on behalf of Defendant in a twelve-month period; and, (2) whose phone numbers had been registered on the DNC List for more than thirty days.
>
> **Prerecorded Voice Class**: All persons in the United States who from four years prior to the filing of this lawsuit, through the date of class certification: (1) were called on their cellular telephone by or on behalf of Defendant; (2) and the call utilized an artificial or prerecorded voice.

64. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed classes, during the lawsuit proceedings.

65. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. The phone numbers of the members of the proposed classes are readily identifiable through records available to Defendant or those acting on its behalf.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

66. Most members of the proposed classes have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

67. On information and belief, Defendant has placed, and continues to place, telemarketing calls to people whose phone numbers are on the National Do-Not-Call Registry. It is reasonable to expect that Defendant will continue to place such calls absent this lawsuit.

68. Common questions of law and fact exist as to all members of the proposed classes and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed classes include, but are not limited to:

a. Whether Defendant, or those acting on its behalf, placed phone calls to persons whose phone numbers were listed on the National Do-Not-Call Registry;

b. Whether Defendant, or those acting on its behalf, placed calls using an artificial or prerecorded voice;

c. Whether Defendant obtained prior express written consent before placing such calls;

d. Whether Defendant's conduct violates 47 U.S.C. § 227(b) and (c);

e. Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and,

f. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

69. Plaintiff's claims are typical of the claims of the members of the proposed classes because her claims arise from the same practice that gives rise to

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

the claims of the members of the proposed classes and are based on the same legal theories.

70. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed classes. Plaintiff's interests do not conflict with the interests of the proposed classes she seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action litigation, TCPA litigation, and consumer law.

71. Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and her counsel are aware of their responsibilities to the putative members of the classes and will discharge those duties.

72. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed classes in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed classes, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed classes had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

73. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

74. Questions of law and fact, particularly the propriety of placing telemarketing calls to persons whose phone numbers are on the National Do-Not-Call Registry and of placing calls using a prerecorded voice without prior express written consent, predominate over questions affecting only individual members.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

75. Defendant has acted or refused to act on grounds that apply generally to the classes, making final injunctive relief or corresponding declaratory relief appropriate with respect to the classes as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) – Do-Not-Call Registry Violations**

76. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

77. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

78. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(2).

79. A seller of goods or services may not avoid liability under the TCPA by outsourcing its telemarketing to third parties. Calls placed by a third-party telemarketer to promote a seller's goods or services are made "on behalf of" the seller, and the seller may be held liable for such calls, including under federal common law principles of agency, apparent authority, and ratification.

80. To the extent any of the calls at issue were placed by a third party, they were placed on Defendant's behalf, and Defendant directed, authorized, and/or ratified that conduct. Defendant accepted, and retains, the benefits of the telemarketing campaign.

81. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA and the TCPA's regulations prohibiting calls to phone numbers that are registered on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

82. By placing calls, and by directing, authorizing, and/or ratifying calls placed on its behalf, to the phones of Plaintiff and the putative class members after their numbers were registered on the National Do-Not-Call Registry for more than thirty days, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

83. Defendant knew or should have known that Plaintiff and the putative class members did not wish to receive phone calls as such persons' phone numbers were registered on the National Do-Not-Call Registry.

84. Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each call placed to them in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

**Count II - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) – Prerecorded or Artificial Voice Calls**

85. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

86. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

87. The TCPA's implementing regulations prohibit initiating a telemarketing call to a cellular telephone number using an artificial or prerecorded voice without the prior express written consent of the called party. *See* 47 C.F.R. §

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

64.1200(a)(2). A call that plays a prerecorded message is a call made using a prerecorded voice within the meaning of the TCPA, even if a live person also speaks during the call.

88. Defendant, or someone acting on its behalf, placed calls to the cellular telephones of Plaintiff and the putative Prerecorded Voice Class members using a prerecorded voice.

89. The calls were telemarketing calls. They were not made for emergency purposes.

90. Defendant did not have the prior express written consent of Plaintiff or the putative Prerecorded Voice Class members to place such calls.

91. Defendant's violations were willful or knowing.

92. Plaintiff and the putative Prerecorded Voice Class members are entitled to damages of $500.00 for each call placed to them in violation of 47 U.S.C. § 227(b), and up to $1,500.00 for each such call if the Court finds that Defendant willfully or knowingly violated the TCPA. *See* 47 U.S.C. § 227(b)(3).

93. The TCPA also allows the Court to enjoin Defendant's violations of 47 U.S.C. § 227(b). See 47 U.S.C. § 227(b)(3)(A).

**Demand for Judgment**

WHEREFORE Plaintiff Kimberly Hudson, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Plaintiff as the class representative;

b. Enter an order appointing Plaintiff's counsel as counsel for the classes;

c. Enter judgment in favor of Plaintiff and the putative classes, and against Defendant, for all damages available under the TCPA, including

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

statutory damages of $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendant willfully violated the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative classes that enjoins Defendant from violating the TCPA and the TCPA's corresponding regulations prohibiting Defendant from placing, or directing others to place on its behalf, phone calls to persons whose phone numbers are registered on the National Do-Not-Call Registry, and from placing calls using an artificial or prerecorded voice without prior express written consent;

e. Award Plaintiff and the classes all expenses of this action, and require that Defendant pay the costs and expenses of class notice and administration;

f. Award Plaintiff and the classes their court costs, and all applicable pre- and post-judgment interest; and,

g. Award Plaintiff and the classes such further and other relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Kimberly Hudson demands a jury trial.

Dated: November 12, 2026

Respectfully submitted,

BUTSCH ROBERTS & ASSOCIATES LLC

/s/Christopher E. Roberts

Christopher E. Roberts (SBN 363586)
Email: CRoberts@butschroberts.com
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700

*Attorney for Plaintiff*